UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
In re:

ANTONY MATHEW and SHERYL ANTONY,        <u>MEMORANDUM & ORDER</u>
                                        04-CV-4546(JS)(MJO)
              Debtors.
----------------------------------
AMERICAN EXPRESS CENTURION BANK,

              Plaintiff,

       -against-

ANTONY MATHEW and SHERYL ANTONY,

              Defendants.
----------------------------------X
APPEARANCES:
For Appellant:      Kenneth Pasquale, Esq.
                    Tom A. Hakemi, Esq.
                    Stroock & Stroock & Lavan LLP
                    180 Maiden Lane
                    New York, New York 10038

For Appellees:      Roy J. Lester, Esq.
                    Lester & Fontanetta, P.C.
                    600 Old Country Road, Suite 229
                    Garden City, New York 11530

SEYBERT, District Judge:

       Pending before this Court is an appeal arising from a bankruptcy action filed in the United States Bankruptcy Court for the Eastern District of New York by Antony Mathew and Sheryl Antony (collectively "Debtors"). Appellant American Express Centurion Bank ("AmEx") appeals from an Order of the Honorable Stan Bernstein, U.S.B.J., dated August 16, 2004, which granted Debtors' motion to dismiss the proof of claim filed by AmEx pursuant to

Bankruptcy Rule 3001(c). Appellant argues its proof of claim satisfied Rule 3001(c). In the alternative, Appellant avers that the Bankruptcy Court lacked the authority to dismiss the Appellant's claim pursuant to Rule 3001(c).

For the reasons set forth below, the Bankruptcy Court's Order is AFFIRMED.

BACKGROUND

On June 3, 2002, the Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code. Appellant's Ex. 1. On August 28, 2002, the case was converted to Chapter 13 of the Bankruptcy Code. Appellant's Ex. 2. The Debtors' Chapter 13 schedule of liabilities listed unsecured debts to AmEx of $7,665.10. Appellant's Ex. 1.

On October 7, 2002, AmEx filed a proof of claim in the amount of $14,656.62. Appellant's Ex. 6. AmEx provided a written computer-generated account summary that contained, inter alia, the Debtor's name, phone number, balance owed, and a summary of account activities for the six month period preceding Debtor's bankruptcy filing. Appellant's Ex. 6. On January 28, 2003, the Court issued an uncontested Order confirming the Debtors' Chapter 13 plan. Appellant's Ex. 4.

In May 2004, Debtors filed a motion objecting to AmEx's proof of claim. Appellant's Ex. 5. Debtors argued that AmEx

failed to comply with Bankruptcy Rule 3001(c).[1] Appellant's Ex. 5. AmEx maintained that the account summary met the Rule 3001(c) writing requirements. Appellant's Ex. 6. AmEx also averred that any additional documents would be unduly burdensome and contrary to the intent behind the Bankruptcy Code and Rules.[2] Appellant's Ex. 6.

In an order, dated August 16, 2004 ("August Order"), the Bankruptcy Court found that AmEx had not met the writing requirements of Rule 3001(c). Appellant's Ex. 8. The Order provided AmEx twenty days to amend its proof of claim by submitting

> a legible copy of the original credit card agreement, the debtors' credit application, any amendments to the terms of the credit card agreement, a complete and detailed payment history, and a detailed statement that demonstrates that under its credit card agreement or amendments it is entitled to default interest, late payments, and every other category of other charges.

Appellant's Ex. 8. The August Order also provided that "[u]nless all of [the] documentation [was] submitted to the Court, . . . within [the] time period, . . . [the] Order [would] become effective twenty days from the date of its entry." Appellant's

---

[1] Fed R. Bankr. P. 3001(c) provides that "when a claim, or an interest in property of the debtor securing the claim is based on a writing, the original or duplicate shall be filed with the proof of claim."

[2] AmEx argues that producing the required documentation is very costly, however, this Court notes that the instant appeal was not necessarily a less costly option.

Ex. 8.

On August 26, 2004, in lieu of providing the documentation, AmEx filed its Notice of Appeal from the August Order seeking reversal of the Bankruptcy Court's decision. Appellant's Ex. 9.

DISCUSSION

The instant dispute raises practical questions which this Court is unable to resolve; namely, why AmEx insists on focusing resources on the instant appeal. Nevertheless, AmEx has filed the instant appeal.

I. Standard of Review

"When reviewing decision made by the Bankruptcy Court, the district court applies the de novo standard of review for questions of law and the 'clearly erroneous' standard of review for questions of fact." In re Nemko, Inc., 202 B.R. 673, 677 (E.D.N.Y. 1996). Whether there was compliance with Rule 3001 is a question of fact reviewed for clear error. See In re Consolidated Pioneer Mortg., 178 B.R. 222, 225 (9th Cir. BAP 1995)

II. Appellate Jurisdiction

AmEx contends that they have the right to appeal because the August Order was final. Debtors allege the August Order was not a final order and required leave of the district court to appeal. For the reasons set forth below, the Court finds that the

4

August Order was final.

"Final orders of the bankruptcy court may be appealed to the district court as of right, while appeals from interlocutory bankruptcy court orders may be taken only with leave of the district court." In re 127 John Street Associates, No. 93-B-46171, 2005 WL 911488, at *4 (S.D.N.Y. April 18, 2005). "[F]or a bankruptcy court order to be final . . . it must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." In re Fugazy Express, Inc., 982 F.2d 769, 776 (2d Cir. 1999).

The August Order was self-executing. The August Order asserted that if AmEx did not comply with certain requirements, it would become a final judgment after twenty days. AmEx filed a Notice of Appeal on August 26, 2004, nine days before the Order was to be final. AmEx, therefore, purportedly waived the remaining time to meet the conditions set forth in the August Order. Thus, the notice is timely and the appeal is proper before this Court. See In re Litas International, Inc., 316 F.3d 113, 119 (2d Cir. 2003)(noting that "if time remained for Appellant to meet the conditions set forth in the bankruptcy court's . . . order, but Appellant waived that time and appealed, . . . such notice would have been timely and the appeal would properly have been before the

district court").[3]

Therefore, the Court has proper jurisdiction to entertain Appellant's appeal.

III. Rule 3001(c) - Adequate Writing

Rule 3001(c) provides that "when a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim." Fed. R. Bankr. P. 3001(c). Debtors argue Appellant's account summary failed to satisfy Rule 3001(c). Appellant avers that its proof of claim satisfied Rule 3001(c).[4]

While the Second Circuit has yet to address the issue, other federal courts have held that a summary is sufficient for purposes of Rule 3001(c). See In re Sandifier, 318 B.R. 609, 611 (Bankr. M.D. Fla. 2004)(holding a proof of claim with two to four months of credit card statements, and documentation of charges, payments, and fees and interest was sufficient."); In re Kemmer, 315 B.R. 706, 716 (Bankr. E.D. Tenn. 2004)("A credit card or consumer credit account creditor [need only attach] . . . a copy of

---

[3] The Court notes that even if the August Order was not final, Appellant now has the right to appeal. Therefore, the Court will hear Appellant's appeal out of efficiency.

[4] Appellant, however, admits that there is apparently no controlling authority in this jurisdiction setting forth what writings are required to satisfy Rule 3001(c). See Appellant's Br. p. 11.

6

the monthly statement generated for the debtor's account or a computer generated statement of the debtor's account at the time of the bankruptcy filing . . . . It is not necessary, however, for the creditor to attach a copy of the actual account agreement . . . ."); In re Cluff, 313 B.R. 323, 334-335 (Bankr. D. Utah 2004)("a summary of the transactions is sufficient for purposes of Bankruptcy Rule 3001(c)."); In re Great Western Cities, 88 B.R. 109, 114 (Bankr. N.D. Tex. 1988)("A proof of claim for an unsecured creditor requires little more than a listing of name, address, amount of claim, and a signature."), rev'd on other grounds, 107 B.R. 116 (N.D. Tex. 1989). This Court agrees with the other federal courts that have found the summary sufficient for purposes of Rule 3001(c).

The Debtor's argument attempts to place form over substance. The rules and instructions upon which the Debtor relies acknowledge some variance from the suggested stringent reading. Rule 3001(c), which requires the attachment of the writing, excuses the attachment when the writing has been lost or destroyed. Likewise, Rule 3001(a) sets forth that "[a] proof of claim shall conform substantially to the appropriate Official Form." (emphasis added). Official Bankruptcy Form 10 instructs the claimant to:

> [a]ttach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court

> judgments, mortgages, securities agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. <u>If the documents are voluminous, attach a summary.</u>

Appellant Ex. 5. (emphasis added).

In the instant case, AmEx complied substantially with the rules and the instructions on the proof of claim form. AmEx provided a written computer-generated account summary that contained, <u>inter alia</u>, the Debtor's name, phone number, balance owed, and a summary of account activities for the six month period preceding Debtor's bankruptcy filing. Although credit card debt is based on a claim in writing, "[r]equiring a credit card company to come forward with the original credit card agreement and a manifestation of each electronic recording of a transaction . . . would unduly burden the parties and would inundate the Court with documents." <u>In re Cluff</u>, 313 B.R. at 334.

AmEx's use of a summary, however, does not eliminate their obligation to provide a copy of the credit card agreement and further details concerning the amount due. <u>See</u> <u>In re Kemmer</u>, 315 B.R. at 715 ("The presentation of a summary, however, does not relieve the creditor of the responsibility to produce the actual documentation, irrespective of the volume thereof, if requested by the debtor or Chapter 13 trustee."); <u>In re Shank</u>, 315 B.R. 799, 810 (Bankr. N.D. Georgia 2004)("A debtor or other objecting party (such

8

as a trustee) is clearly entitled to receive documentation and other information about a creditor's claim if there is a question about it.").

Since Debtors' Chapter 13 schedule of liabilities listed unsecured debts to AmEx of $7,665.10, while AmEx filed a proof of claim in the amount of $14,656.62, Debtors had legitimate reasons to request additional documentation. AmEx, therefore, was obligated to provide Debtors with the additional documentation.

Based on the foregoing, AmEx is ORDERED to provide Debtors with the additional requested documentation within twenty (20) days from the entry of this Order.

IV. <u>Rule 3001(c) – Disallowance of claims</u>

AmEx argues that the Bankruptcy Court lacked the authority to dismiss the proof of claim pursuant to Rule 3001(c). Debtors aver that the Bankruptcy Court was within its discretion to disallow Amex's claim if AmEx failed to amend its documentation. For the reasons stated herein, the Court finds the Bankruptcy Court was within its discretion to disallow AmEx's proof of claim if additional documentation was not produced.

"A proof of claim executed and filed in accordance with [Rule 3001(c)] shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). However, a creditor's failure to attach adequate documentation

pursuant to Rule 3001(c) does not invalidate a claim: "it does, however, deprive the claim of the prima facie validity."  In re Cluff, 313 B.R. at 337; In re Consolidated Pioneer, 178 B.R. at 226 ("It is generally held that failure to attach writings to a proof of claim . . . [means] the claim is not entitled to be considered as prima facie evidence of the claim's validity); In re Kemmer, 315 B.R. at 716 ("The failure to attach a monthly account statement or similar computer generated account summary . . . will result in the loss of the creditor's prima facie presumption of validity. . . . This does not, however, automatically result in disallowance . . . .).

Having found AmEx satisfied Rule 3001(c), AmEx's proof of claim constituted prima facie evidence of validity.  It was, therefore, not sufficient for Debtors to file a formal objection since "the allegations on the face of the proof of claim are more than a mere pleading: they are signed under penalty of up to $500,000 or up to five years in prison."  In re Cluff, 313 B.R. at 338; In re Circle J Dairy, Inc., 112 B.R. 297, 299 (Bankr. W.D. Arkan. 1989).  Instead, Debtors "carrie[d] the burden of going forward with evidence to overcome the prima facie validity and amount of the claim."  In re Hughes, 313 B.R. 205, 208 (Bankr. E.D. Michigan 2004); In re Circle, 112 B.R. at 299; In re Consolidated Pioneer, 178 B.R. at 226.  Thus, because Debtors failed to come

forward with some evidence to rebut AmEx's proof of claim, the Court cannot sustain Debtors' objection to AmEx's proof of claim.

However, since the Debtors required documentation to make a good faith inquiry into the amount of liability, and AmEx refused a legitimate request, the Bankruptcy Court was within its discretion to require AmEx to amend its proof of claim or face disallowance. See In re Shank, 315 B.R. at 815 ("If the debtor requires documentation to make a good faith inquiry into the existence or amount of any liability and a claimant refuses . . . [the Bankruptcy Court] could well . . . [enter] an order disallowing the claim or requiring its amendment"). Therefore, the Bankruptcy Court's August Order is AFFIRMED.

CONCLUSION

For the reasons set forth herein, the Bankruptcy Court's determinations are AFFIRMED. Appellant is ORDERED to provide Debtors with additional documentation within twenty (20) days of the entry of this Order.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
August 16, 2005